By the Court—Hoffman, J.
The action is to recover possession of personal property. The defendant justifies the taking and detention, and demands a redelivery, upon the ground of a judgment and execution against James G. Hamill, insisting that the goods were his property.
No exceptions were taken to any ruling, or the charge of the Judge. The jury found a verdict for the defendant, and that the value of the property was five hundred dollars. An order was made denying a motion for a new trial. Judgment has been entered, and appeals taken from such judgment and order.
The case has been, tried upon the theory that the goods were those of James G. Hamill, and that the claim and possession of the plaintiff was a cover. .
The plaintiff was the only witness, with one unimportant exception. Upon his evidence and some instruments the verdict has been founded.
It appears that in 1855 the plaintiff and James G. Hamill were in partnership. On the 1st day of July, 1856, they dissolved, and by the articles of dissolution, the plaintiff took the whole of the property, assuming the debts and liabilities of the firm. It is stated that the amount of property was equal, or nearly equal, to the amount of the debts. It was then stipulated, in order that said Henry F. Hamill might be the better enabled to carry on the business, and discharge the debts without alarming unnecessarily any creditor of the concern, that James G. Hamill should allow his name to remain on the cards and signs of any business place which said Henry F. Hamill should select, and allow such other use of his name for business purposes as said Henry F. should see fit; the use of his name being considered advantageous, as he had been engaged in the business previous to said Henry F. engaging in it, and from his extensive acquaintance with the customers. James G. Hamill then covenanted, in consideration of the premises, and his earnest desire to see all the debts paid, and the business settled up satisfactorily, that he would remain as salesman, clerk, or laborer, for one year: Henry *537 F. Hamill paying him twenty dollars per month, and furnishing his board and lodging; which Henry F. thereby undertook and agreed to do.
About the 1st of July, 1856, the plaintiff moved from the former place of business of the firm, to 357 West street. . The property taken by the defendant had all been property of the firm, except a pile of iron, purchased since the dissolution. The sign over the door at the place of business, after the dissolution, was Hamill & Brother; the same names were used on the carts at the time of the levy. An account was kept at the bank in the name of Hamill & Brother, and the plaintiff continued to sign checks in such name. The plaintiff had no other brother than James.
A lease had been taken to the firm, on the 5th of June, 1856, for the property in West street, and this was assigned by James to the plaintiff on the 12th of September, 1856.
Another lease, of what appears to have been adjoining premises, was also held by the firm, and was also assigned by James to the plaintiff, on the same day.
The levy was made on the 11th of February, 1857; the judgment obtained on the 20th of December, 1856.
This is the substance of the evidence given upon the trial. Husmeyer, the plaintiff in the action against James Gr. Hamill, deposed, that he was security for the sheriff in the suit, before the levy was made.
The question was not raised on the trial, that the defendant was not in a position to question the bona fides of the transfer from James Gr. Hamill to the plaintiff.
We cannot understand how it was possible for the Jury, upon this uncontroverted and undiscredited evidence, to find the verdict they have rendered. That the property originally belonged to the firm composed of James and the plaintiff, cannot be disputed ; that the transfer by the articles of dissolution of the 1st of July, 1856, was no way invalid on its face, or justifying any inference of fraud by its provisions, seems to us clear;, that the possession then must be deemed to be presumptively the possession of the plaintiff under his purchase, and not that of the firm, seems also plain. We think also that the continuance of the name, and other circumstances, are sufficiently *538 explained, and at least, are wholly insufficient to warrant the conclusion of fraud in the transaction, so as to justify the result that the property was in truth the property of James, or that his interest as a partner remained in him at the date of the levy.
We think there must be a new trial upon payment of costs of the former trial. Costs of the appeal to abide the event.
Ordered accordingly.